JOSEPH H. WILLIAMSON V. STATE.

No. 25,903. October 8, 1952.

Hon. Phil Peden, Judge Presiding.

*Dixie & Ryan* [*Thomas M. Ryan,* of Counsel], Houston, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was charged with aggravated assault with a motor vehicle and assessed a fine of $200.00 by a jury verdict.

Appellant was driving an oil truck on a divided highway leading from Houston to Angleton. There were two lanes on the side on which he was traveling. Hammie Merchant, a Negro boy who is the chief witness for the prosecution, testified that he was traveling in the same direction. As they approached a garbage truck operated by the city of Houston, which was traveling at a very low rate of speed, one of the men motioned for him to go to the left and pass around it, indicating to him that the way was clear. From his testimony it develops that appellant was driving behind him and there is no evidence that he was going faster than the normal speed of forty miles an hour, as testified to by appellant. Quoting from Hammie's testimony on the subject, among other things, he said:

"No, I did not see the truck * * * not until after it had slapped me up against the garbage truck. * * * I was under the wheel, my father was in the middle and Daniel Stephney was on the other side."
"Q. You said you didn't see the truck, in the presence of Mr. White? A. I didn't see it.
"Q. What kind of a rear view mirror do you have on your pickup? A. I had a mirror out here on the side.
"Q. Did you have any on the inside? A. I don't think so."
* * * * *
"Q. The only reason you went on the left hand side of the garbage truck, the people beckoned for you to come on? A. They beckoned for me to come.
"Q. In any event, this man beckoned you around this truck, A. One man beckoned for me to come by and I went by at a slow rate. They had the right side and I pulled the truck to the left to get by.
"Q. You didn't look at either one of the rear view mirrors? A. I didn't have time."

The foregoing evidence was further discussed in the light of drawings made to show the position of the parties, but they are not in the record and the evidence is quite unsatisfactory. It does appear, however, that he makes no statement different from that above quoted. Hammie further testified that he did

not remember having passed the oil truck prior to the accident, but said: "They told me afterwards I passed that truck." He testified that Daniel Stephany was injured by the collision and confined in the hospital for some time; that his pickup which he was driving was also considerably damaged.

The witness Evans, who testified for the state, was employed by the city and working with the crew picking up garbage on Almeda Street at the time. He was on the left side and was gathering up paper on the east side of the road. Two other men were employed in picking up garbage but they were on the opposite side and, according to Evans, did not see the accident. They were in the ditch to the right. This state witness testified that he did not see the other men beckon to Hammie to go around to the left of the garbage truck and that he did not do it himself. He made no signal. (S.F. p. 32) It is made clear also that appellant pulled to the left and that a part of his truck was off the pavement. As he was passing Hammie the rear end of the trailer on the oil truck swerved and struck Hammie's pickup driving it against the garbage truck.

The appellant testified, and it is sufficient to say that his evidence completely exonerated him from any negligence in the matter.

The appeal, according to appellant's brief, complains about the failure of the court to give certain charges requested by him. We have examined these and they are clearly on the weight of the evidence.

The serious question in the case is the sufficiency of the evidence to support a conviction. According to the state's chief witness he pulled to the left lane in front of appellant's truck when appellant could have been only a very short distance behind him. He testified to no act of negligence on the part of appellant and it appears that he himself might have been negligent in failing to make sufficient investigation to see that the road was clear both in front of him and behind him. He relied solely on a signal given to pass by. He did say that he looked in the rear view mirror either on the outside or the inside of his car, but could not remember which, and failed to see anybody but he did not look back. If the rear view mirror was not properly set that could be no fault of appellant. The fact that Hammie did not see appellant's truck coming, under all of the facts and circumstances of the case, seems to be due to the fact

534

that he did not look back. Under this circumstance we are unable to find support in the evidence for the jury's verdict.

Because of the insufficiency of the evidence the judgment of the trial court is reversed and the cause is remanded.